**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-20456
Summary Calendar
_____


Robert G. Gerhart,

Plaintiff-Appellant,

VERSUS

Solvay Polymers, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-4208)
_____

January 5, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Robert G. Gerhart appeals the district court's grant of summary judgment on his claim of retaliatory discharge under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-3(a). For reasons that follow, we AFFIRM.

Gerhart was employed as a plant operator by Solvay Interox, a subsidiary of defendant-appellee Solvay Polymers, Inc. While employed by Solvay, he voiced opposition to Solvay's treatment of a co-worker, Elizabeth Martin, and gave a deposition in her sexual harassment case. He was terminated by Solvay two months after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martin's sexual harassment trial ended.

During the period that Martin's sexual harassment suit was pending, Gerhart was subject to a number of disciplinary actions. He was orally counseled regarding his inattention to work, sleeping on the job, excessive personal telephone calls, and other work rule violations. He received a documented verbal warning on January 3, 1995 for an incident that occurred in December 1994 when he walked away while decanting dirty working solution and thereby permitted the dirty solution to mix with clean solution. He received a written warning and was suspended for four days without pay on December 5, 1995 for an incident that occurred in November 1995 when he spilled approximately 1,000 gallons of amine into an underground storage area. Gerhart does not deny either incident.

Gerhart was terminated on March 19, 1996. The reason stated for his termination was an incident that occurred in January 1996 in which Sharon Hood, a new operator, was sprayed in the face and eyes with working solution. Gerhart had been sprayed with working solution at the same location one or two days earlier and--despite his acknowledged duty to minimize risk to others--had failed to correct the problem (a missing gauge) until after Hood was sprayed. Gerhart does not deny that he was aware of the problem, but claims that he fulfilled his duty by reporting the problem to his supervisor.

The summary judgment record establishes that Solvay followed its written disciplinary procedures and terminated Gerhart for operator error and violations of safety policy. Nothing in the summary judgment record raises a genuine issue of material fact

2

tending to show that the termination was retaliatory, or that the reasons stated for terminating Gerhart were pretextual. We conclude that the district court correctly granted Solvay's motion for summary judgment, and we AFFIRM the judgment of the district court.